UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                    )<br>)<br>BRIAN TIERNEY,                      )<br>  Defendant.                           ) | Case No. 2:17-cr-90 |

## MOTION TO MODIFY CONDITIONS OF SUPERVISION

NOW COMES defendant Brian Tierney, by counsel, and respectfully requests that this Honorable Court modify his conditions of supervised release, specifically the condition prohibiting unsupervised contact with individuals under the age of 18, to allow him to have contact with his two children, consistent with the relevant Vermont Family Court custody orders. In support of this motion, Mr. Tierney offers the following.

*Background Information*

On September 10, 2017, Brian Tierney was arrested and charged in a September 11, 2017 criminal complaint with using a facility of interstate commerce to knowingly persuade, induce, entice, or coerce an individual under the age of 18 to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b). The underlying facts are recited in the PSR at ¶¶15-21 and involved an ad that Mr. Tierney posted on Craigslist, which appears to have been directed towards children, although the ad was actually geared towards adult women engaging in online fantasy. While his target audience was not underage girls, he did not stop communicating with an undercover agent posing as a 14-year-old. Mr. Tierney eventually arranged to meet the purported 14-year old and was arrested. A later search of his home and electronic devices led to the discovery of a handful of images of

1

child pornography. that were originally downloaded several years earlier, in 2011. The was no evidence that Mr. Tierney was actively seeking out or collecting child pornography.

On October 5, 2017, Mr. Tierney was indicted on one count of violating 18 U.S.C. § 2422(b). At a detention hearing held on September 13, 2017, the Court ordered him released on pretrial release conditions. During this time, pursuant to the pre-trial conditions of release, Mr. Tierney was permitted to have supervised, and then eventually unsupervised, contact with his oldest daughter.

On May 21, 2018, Mr. Tierney pled guilty to count one of the superseding information, possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Mr. Tierney remained on pretrial release until his sentencing on October 1, 2018. At sentencing, the Court accepted the parties' binding plea agreement and imposed a sentence of 48 months incarceration, to be followed by a 5-year terms of supervised release. Mr. Tierney has concluded the prison portion of his sentence and has been out on supervise release since March 30, 2022.

In June of 2022, Mr. Tierney began working for Rhino Foods in Burlington in production. While in production he was promoted twice and was ultimately offered a job in their purchasing department after applying for the opening in April of 2023. He is still employed in that position at Rhino Foods and presently works from 7:00 a.m. to 3:00 p.m., Monday through Friday.

Mr. Tierney has a condition of supervised release that limits his contact with minors, including his own children. The condition states: "You must not associate or have contact, directly or through a third party, with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background, and who has been approved in advance by the probation officer. Such prohibited conduct shall include the use of electronic

communication, telephone, or written correspondence." Doc. 64 at 5. He respectfully requests that the Court modify this condition so that he may have unsupervised telephone calls with both of his daughters and be allowed unsupervised, in-person contact with his youngest daughter pursuant to a recent court order from Chittenden Family Court. *See* Defendant's Exhibit A. Mr. Tierney's younger daughter is experiencing a period of significant disruption in her life. This has been occasioned by her mother's recent loss of housing and employment after abruptly moving out-of-state. Defendant also respectfully requests unsupervised visits with his older daughter over the summer and holidays, consistent with the relevant custody agreement and/or family court order.

*Argument for Modification*

Under 18 U.S.C. § 3583(e)(2), the Court may, after considering the applicable factors in § 3553(a), "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]"*See also,* Fed. R. Crim. P. 32.1(c). In this case, Mr. Tierney seeks to modify the condition that prohibits "contact, directly or through a third party, with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background, and who has been approved in advance by the probation officer." Doc. 64 at 5. Mr. Tierney seeks to modify the condition to effectuate the recent Vermont Family Court order that allows unsupervised contact with his 9-year-old daughter (A.F.). That order allows unsupervised telephone calls with A.F. as well as unsupervised in-person visits with A.F. Mr. Tierney also seeks to have unsupervised visits with his 15-year-old daughter consistent with the custody agreement between

Mr. Tierney and his ex-wife. Mr. Tierney believes the condition could be modified by the addition of a sentence specifying that: "This condition does not apply to the defendant's biological children insofar as unsupervised visitation is allowed by a state court of competent jurisdiction or a custody agreement approved by a state court."

Mr. Tierney's request to modify his conditions of supervised release to allow unsupervised contact with his two children is consistent with the goals of sentencing and the relevant § 3553(a) factors. First, the proposed modification is consistent with the nature and circumstances of the offense and the history and characteristics of the defendant. While Mr. Tierney possessed child pornography, he possessed only a handful of images and there was not evidence that he was actively seeking or collecting such materials. Aside from this conviction, Mr. Tierney has no criminal history and has lived a stable law-abiding life. He had long-term, stable employment before this conviction, and he has been employed since his release. His children—especially his youngest daughter—will benefit from contact with him.

Deterrence (§ 3553(a)(2)(B)) is not an issue at this point. Mr. Tierney served a 4-year term of incarceration and has been adequately deterred. Restricting his visitation with his children at this point will not deter wrongdoing and his harmful to Mr. Tierney and his children.

Public safety (§ 3553(a)(2)(C)) is also served by the modification. The modification would allow unsupervised visitation to the extent permitted by a state court. Here, a Vermont Family Court has determined that unsupervised contact between A.F. and Mr. Tierney is appropriate and consistent with the "best interest of the child." 15 V.S.A. § 665. Such family courts have a greater degree of expertise in these matters and are in a better position to judge what is in a child or family's best interest. The proposed condition would only allow such contact as has been determined to be appropriate by such state courts.

In this case, Mr. Tierney's request to have unsupervised contact with his younger daughter is a first step towards demonstrating to the family court that he would be suitable to assume primary custody of his youngest daughter. Presently, A.F. is experiencing a great deal of disruption due to her mother's recent loss of housing and employment after abruptly moving out-of-state. The modified condition would allow Mr. Tierney to supply a greater level of support and care for A.F. The modification would also restore the contact he was previously permitted with his older daughter during most of his pre-trial release, and the phone calls he was allowed during his incarceration.

Further, Mr. Tierney has actively participated in sex offender treatment as part of his supervised release conditions with Kraig Libstag, Ed.D, a contract treatment provider for the Federal Probation Office. In a letter from Dr. Libstag, attached hereto as Defendant's Exhibit B, Dr. Libstag states that he "would place Brian in the very lowest category of concern relative to how safe the child would be with him with unsupervised visitation." Additionally, Ann Culkin, the independent party supervising Mr. Tierney's telephone calls with his youngest daughter, she writes that Mr. Tierney is attentive, appropriate and positive. *See* Defendant's Exhibit C. Defense counsel reached out to the government, through Assistant United States Attorney Paul Van de Graaf, who indicated that the government intended to consult with Probation for more information. A final position had not been received at the time of filing this motion.

Two other points weigh in favor of the modification. First, the proposed modification recognizes the greater expertise of the Vermont Family Court and, in our federal system, appropriately defers to that court. The Second Circuit has observed that "domestic relations law is almost exclusively the province of the states" and therefore "a federal court properly proceeds cautiously in concluding that the responsible supervision of a criminal defendant requires

conditions with respect to a parent's access to a child that are different from or in addition to those ordered by a state court." *United States v. Myers*, 426 F.3d 117, 130 n.13 (2d Cir. 2005).

Second, and importantly, the proposed modification would satisfy §§ 3583(d) and (e)(2)'s requirement that conditions related to § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D) "involve[] no greater deprivation of liberty than is reasonably necessary." Presently, the condition forbids unsupervised contact with his daughters, contact that has now been allowed by a state court. If the condition is not modified, it would involve a significantly greater deprivation of a fundamental right than is necessary to satisfy the statutory criteria. The Second Circuit has held that "[i]t is well-established that a parent's interest in maintaining a relationship with his or her child is protected by the Due Process Clause of the Fourteenth Amendment." *Myers*, 426 F.3d at 125. "[W]hen a fundamental liberty interest is implicated by a sentencing condition, we must first consider the sentencing goal to which the condition relates, and whether the record establishes its reasonableness. We must then consider whether it represents a greater deprivation of liberty than is necessary to achieve that goal." *Id*. at 126. In *Myers*, the Second Circuit concluded that a condition that required the defendant to obtain advance approval from his probation officer prior to visiting his son was not supported by the record. Like Mr. Tierney, the defendant in *Myers* had a child pornography conviction.

Here, the record does not support the prohibition on unsupervised visits with Mr. Tierney's children. As to his older daughter, Mr. Tierney previously had unsupervised visits with her while on pretrial release. There were no issues. There is thus no basis for a more restrictive condition now, on supervised release. As to his younger daughter, a state family court has determined that it is in the child's best interest to have unsupervised visits as set forth in the attached order. That state court has greater expertise in family law matters and is better equipped

to determine what is in a child's best interest.  Moreover, all available evidence indicates that the risk, if any, is exceptionally low:  the psychosexual evaluation concluded that Mr. Tierney did not present a risk to his children (PSR ¶60), Mr. Tierney has participated in sex offender treatment, Dr. Libstag writes that he presents a low risk of recidivism (Exh. B), and Mr. Tierney has lived an otherwise law-abiding life and adjusted well to supervision.

      For all the reasons stated above, Mr. Tierney respectfully requests that the Court grant the Defendant's Motion to Modify the Conditions of Supervision to permit him to have contact, consistent with the family court orders, with his two children.

Dated: August ___, 2023

By:    */s/ Sara M. Puls*
       Sara M. Puls
       Office of the Federal Public Defender
       District of Vermont
       95 Pine Street, Suite 150
       Burlington, Vermont  05401
       (802) 862-6990
       Counsel for Brian Tierney